# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard B. Fuller, #273801, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Warden, E. Richard Bazzle, )<br>)<br>Respondent. )<br>_____ ) | C.A. No.: 0:09-cv-00348-PMD<br><br><br>**ORDER** |

This matter is before the court on Petitioner Richard B. Fuller's ("Petitioner") *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on February 10, 2009.[1] On August 14, 2009, Respondent filed a return and motion for summary judgment. Petitioner filed a response in opposition to Respondent's motion for summary judgment on September 24, 2009. On November 19, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be dismissed. Petitioner filed an Objection to the R&R on December 1, 2009. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently confined at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted in 2000 in Laurens County for robbery and possession of a firearm or knife during the commission of a violent crime.

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-76 (1988).

Petitioner was represented by Claude H. Howe, Esquire, and on March 26, 2001 was found guilty on both charges. Petitioner was sentenced to five years for the weapons charge and thirty years on the armed robbery charge, to be served concurrently.

Petitioner filed a timely appeal in which he was represented by J. Falkner Wilkes, Esquire, and James H. Price, III, Esquire. Petitioner raised the following issues in his direct appeal:

I. Was Voice Identification So Unnecessarily Suggestive and Conducive to Irreparable Mistaken Identification so as to Deny [Petitioner] Due Process of Law?

II. Was [Petitioner] Entitled to Counsel at Pretrial Identification to Ensure Accused is Afforded Due Process During Identification Procedure?

On December 16, 2002, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences. *State v. Fuller,* No. 2002-UP-738 (S.C. Ct. App. Dec. 16, 2002). Appellate counsel filed a petition for rehearing, which was denied on January 24, 2003. The Remittitur was issued on March 5, 2003.

On January 7, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. *Fuller v. State of South Carolina*, No. 04-CP-30-10; (R. p. 302). Specifically, the Petitioner listed several grounds for relief, which are listed as follows:

1. The trial court was without jurisdiction to impose sentence;

2. Evidence of material facts exist that were no previously presented and heard which require vacation of the conviction in the interest of justice;

2. Ineffective assistance of counsel.

On March 21, 2007, an evidentiary hearing was held at which Petitioner was represented by Derek S. Chiarenza, Esquire. (R. pp. 315-398). At the hearing, PCR counsel withdrew Petitioner's allegation relating to after-discovered evidence. (R. p. 321). At the conclusion of

the hearing, the PCR judge orally denied relief (R. pp. 393-397), and subsequently on May 11, 2007, entered a written order denying the petition. (R. pp. 409-410). On June 11, 2007, PCR counsel filed a motion for a new trial or to alter or amend the judgment, which was denied on June 21, 2007. (R. pp. 409-413).

Petitioner timely filed an appeal of the denial of his APCR. Petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a *Johnson* petition requesting to relieved and raising the following issue:

> Whether defense counsel was ineffective in failing to convince Petitioner to plead guilty to strong armed robbery and a five year sentence?

Petitioner also filed a *pro se* brief raising the following additional issues:

> 1. Did the PCR court err by concluding that trial counsel did not provide constitutionally defective assistance of counsel and that there was no prejudice suffered by trial counsel's failure and/or omissions?
>
> 2. Did the PCR court err by failing to recognize the subject matter jurisdiction claim based upon a fatal variance between essential element indicted and proof established at trial?

On January 30, 2009, the South Carolina Court of Appeals granted Counsel's requested to be relieved, denied the Petition, and issued the Remittitur on February 20, 2009.

Petitioner filed a second APCR on June 5, 2008, while the appeal of his first PCR action was still pending. Petitioner raised the following issues in his second APCR:

> 1. the court was without jurisdiction to try nor impose sentence;
>
> 2. evidence of material fact exist that were not previously presented and heart at post-conviction relief hearing which require vacation of the conviction in the interest of justice; and
>
> 3. ineffective assistance of post-conviction relief counsel.

On August 10, 2009, Respondent filed a return and moved to dismiss Petitioner's second APCR on the grounds that this APCR was successive and untimely, that the newly discovered evidence

3

allegation was too vague to warrant holding a hearing, and that the general claim of ineffective assistance of PCR counsel was not a cognizable ground for relief. Respondent represents that Petitioner's second APCR was still pending when the Respondent's motion for summary judgment was filed in this current action on August 14, 2009.

Petitioner filed his *pro se* habeas petition on February 10, 2009, in which he asserts the following grounds for relief:

> **Ground One:** Circuit Court was without jurisdiction to impose sentence.
>
> Supporting Facts**:** Petitioner was convicted and sentenced for a crime in which he was never indicted on. All evidence presented at trial showed an armed robbery of an business [sic], (Sav-Way Convenience Store), while Petitioner was indicted for an armed robbery of an individual. Indict[ment] states "monies owned by Liza Cardenaz," not Sav-Way Convenience Store. These are two very distinct [sic] and different allegations.
>
> **Ground Two:** Ineffective Assistance of Counsel
>
> Supporting Facts: Trial counsel failed to investigate nor interview witnesses; trial counsel failed to make a motion to quash indictment and raise subject matter jurisdiction; trial counsel failed to enter evidence; trial counsel failed to show first part of stores security tape to jury; trial counsel failed to object to hears[a]y tes[t]imony; trial counsel failed to object to voice identification; trial counsel failed to hold evidentiary hearing on the voice identification of Petitioner.
>
> **Ground Three:** Voice identification of Petitioner was unnecessarily suggestive and conducive.
>
> Supporting Facts: Victim was only permitted to hear Petitioner's voice during police questioning at police station. Victim was not permitted to listen to second suspect's voice. There was never any kind nor type of voice line up conducted by detectives. It was unlawfully suggested to victim by police detective that Petitioner was the robber before victim was allowed to hear Petitioner's voice.

Respondent moved for Summary Judgment on August 14, 2009. Petitioner filed a response in opposition to Respondent's motion for summary judgment on September 24, 2009. The Magistrate Judge recommended to this Court that Respondent's Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed.

4

# STANDARD OF REVIEW

## A.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

## B.     Section 2254 Petitions

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

C.  **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

I.  **Ground One of Petitioner's Habeas Corpus Petition**

In Ground One of his Petition, Petitioner claims that the trial court lacked subject matter jurisdiction because the indictment stated that Petitioner committed armed robbery of an individual but that the evidence showed that he actually robbed a business. In his response in opposition to summary judgment, Petitioner argues that since the indictment named Lisa Cardenas, the employee of the convenience store who was robbed, and because the money actually belonged to the convenience store, the state court did not have subject matter jurisdiction over his trial.

The Magistrate Judge found that "deficiencies in state court indictments 'are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so

egregiously unfair as to amount to a deprivation of the defendant's right to due process.'" R&R, p. 6 (citing *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985). The Magistrate Judge found that there were no such deficiencies in the indictment at issue. The indictment "clearly named the Petitioner, and there is no question that Petitioner knew the charges being leveled against him." R&R, p. 7. Furthermore, the Magistrate Judge found that the "sufficiency of an indictment or information is primarily a question of state law," *Tapia v. Tansy*, 926 F.2d 1554, 1560 (10th Cir. 1991), and that under South Carolina law, allegations with respect to a purported defect in an indictment do not state a subject matter jurisdiction claim. *Madden v. Warden*, No. 07-1109, 2008 WL 351010, at *5 (D.S.C. Feb. 7, 2008). Therefore, the Magistrate Judge recommended that "[s]ince Petitioner has failed to present the substance of a federal constitutional claim with regard to subject matter or the sufficiency of an indictment, this claim should be dismissed." R&R, p. 8.

Petitioner objects to the Magistrate Judge's recommendation with respect to Ground One of his claim. Petitioner argues that "the sufficiency of an indictment or information is not primary [sic] a question of state law but is also a question of federal law where a person is protected by the Constitution of the United States 5th Amendment." Petitioner also argues that "he was not giving [sic] accurate notice of the accusation against him due to misleading indictment."

The court finds Petitioner's objection to be without merit. The Magistrate Judge correctly found that "variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford,* 780 F.2d at 407. In this case, the indictment named the victim as the employee of the convenience store instead of

naming the victim as the convenience store. The court finds that this error did not make the trial so egregiously unfair as to amount to a deprivation of the Petitioner's right to due process. Therefore, the court finds that Petitioner has failed to allege a Constitutional claim with respect to the sufficiency of the indictment and adopts and incorporates the Magistrate Judge's recommendation with respect to Ground One of Petitioner's claim.

## II.     Ground Two of Petitioner's Habeas Corpus Petition

In Ground Two of his Petition, Petitioner contends that his trial counsel was ineffective in:

(a)     Failing to investigate or interview witnesses;
(b)     Failing to make a motion to quash the indictment and raise subject matter jurisdiction;
(c)     Failing to enter evidence;
(d)     Failing to show the first part of the store's security tapes to the jury;
(e)     Failing to object to hearsay testimony;
(f)     Failing to object to voice identification;
(g)     Failing to hold an evidentiary hearing on the voice identification of the Petitioner; and
(h)     Failing to subpoena an alibi witness.

With respect to grounds (b),(c),(d),(e),(f), and (g), the Magistrate Judge found that these grounds are procedurally barred either because Petitioner failed to raise the issue in his APCR, because the PCR court order did not address the issue and Petitioner failed to file a Rule 59(e) motion, or because Petitioner failed to properly raise the issue on PCR appeal.  R&R, pp. 9-11, 16-18.

Petitioner does not specifically object to the Magistrate Judge's finding that grounds (b) through (g) are procedurally barred from consideration by this court.  Rather, Petitioner reiterates his general claim that his trial counsel was ineffective and states that he "was denied a fair bite at the apple during the entire proceeding due to numerous failures and inadequate assistance."

The court has reviewed the entire record and finds that Petitioner's grounds (b),(c),(d),(e),(f), and (g) of his ineffective assistance of counsel claim are procedurally barred from further review by this court.  The Magistrate Judge fairly and accurately summarized the

facts and applied the correct principles of law, and the court adopts the R&R and fully incorporates it into this Order.

In grounds (a) and (h) of Petitioner's ineffective assistance of counsel claim, Petitioner alleges that his trial counsel was ineffective in failing to investigate, interview, and/or subpoena two potential alibi witnesses, Tracy Dill ("Dill") and Courtney Hall ("Hall"). Petitioner claims that even though Dill testified at his trial, trial counsel was ineffective for failing to interview and prepare Dill for questioning. Petitioner also claims that his trial counsel was ineffective in failing to investigate, interview, or subpoena Hall, a potential alibi witness. As to Petitioner's claim that his trial counsel failed to interview and prepare Dill for questioning, the Magistrate Judge found that Petitioner's claim is procedurally barred because Petitioner did not pursue this claim in his PCR appeal. The Magistrate Judge found that with respect to Hall, even assuming that the issue is not procedurally barred, the claim should be dismissed because Petitioner did not present the potential witness's testimony at his PCR hearing, and that he has not, therefore, shown the necessary prejudice to establish ineffective assistance of counsel. R&R, pp. 14,16 (citing *Bassette v. Thompson*, 915 F.2d 932, 939-41 (4th Cir. 1990) ("Appellant cannot establish ineffective assistance of counsel under *Strickland v. Washington* on the general claim that additional witnesses should have been called in mitigation."); *Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998) ("This Court has repeatedly held a PCR applicant *must produce the testimony* of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.") (emphasis in original); *Glover v. State,* 458 S.E.2d 539, 540 (S.C. 1995) ("Further, because the other witnesses respondent claimed could have provided an alibi defense did not testify at the

PCR hearing, respondent could not establish any prejudice from counsel's failure to contact these witnesses.)).

Petitioner does not specifically object to the Magistrate Judge's recommendation with respect to Petitioner's allegations that his trial counsel failed to interview, investigate, and/or subpoena Dill and Hall. Rather, Petitioner reiterates his general claim that his trial counsel was ineffective.

Therefore, after reviewing the record, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the court adopts the R&R and fully incorporates it into this Order.

### III. Ground Three of Petitioner's Habeas Corpus Petition

Finally, in Ground Three of his Petition, Petitioner claims that the voice identification of him used at trial was unnecessarily suggestive and conducive. However, the Magistrate Judge found this claim to be procedurally barred from review. Although Petitioner's counsel attempted to raise this issue in his direct appeal, the issue was not preserved as a freestanding issue for direct appeal because no objection was made as to the voice identification to the trial court. *See State v. Johnson,* 501 S.E.2d 423, 424 (S.C. 1999) (stating that issue not preserved at trial cannot be raised for the first time on direct appeal).

In his objections, Petitioner agrees with the Magistrate Judge's finding that this issue was not objected to during trial and is therefore procedurally barred from review. However, Petitioner argues that this issue is properly raised under his ineffective assistance of counsel claim.

As discussed under the court's analysis of Ground Two of Petitioner's claim above, Petitioner's claim that trial counsel was ineffective for failing to object to the voice identification

procedures is also procedurally barred from review. Petitioner argued at his PCR hearing that his trial counsel was ineffective for not raising the voice identification issue at trial; "however, the PCR judge did not address this issue in his order, and with respect to any issues not addressed in the PCR order, the PCR judge found that Petitioner had waived such allegations and failed to meet his burden of proof regarding them." R. pp. 399-408. The Magistrate Judge found that "after obtaining the PCR Court's order, the Petitioner did file a motion seeking to amend the judgment, [but that] he did not try to obtain a ruling on this issue, (R. pp. 409-410); and as previously discussed, such a motion was necessary to preserve this claim, since a 'party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order.'" R&R, p. 20 (citing *Al-Shabazz v. State,* 527 S.E.2d 742, 747 (S.C. 2000)).

Therefore, with respect to Ground Three of Petitioner's claim, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the court adopts the R&R and fully incorporates it into this Order.

### IV.     Certificate of Appealability

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

*Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Respondent E. Richard Bazzle's motion for summary judgment is **GRANTED** and a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 4, 2010**
**Charleston, SC**